**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

MELANIE K. HECKER                               *
4564 Somerset Blvd SE                           *
Bellevue, WA 98006                              *
                                                *
       Plaintiff,           *
                                                *
v.                                              *
                                                *
PAUL GARNER,                   Case No.: _____
952 Ellendale Drive                             *
Towson, MD 21286                                *
                                                *
and                                             *
                                                *
ELAINE EVANS                                    *
2204 E. Pratt Street #4                         *
Baltimore, MD 21231                             *
                                                *
       Defendants.          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>COMPLAINT</u>

     Plaintiff, Melanie K. Hecker ("Plaintiff" or "Hecker") by and through undersigned counsel and pursuant to Fed. R. Civ. P. 3, brings this Complaint against Defendants, Paul Garner ("Garner") and Elaine Evans ("Evans") (collectively, "Defendants") and states:

## <u>PARTIES</u>

    1.    Plaintiff, Melanie K. Hecker, is a resident of Bellevue, Washington.

    2.    Upon information and belief, Defendant Paul Garner is a resident of Towson, Maryland in Baltimore County and regularly conducts business as a licensed real estate agent in Baltimore County and throughout the State Maryland.

3.      Upon information and belief, Defendant Elaine Evans is a resident of Baltimore, Maryland and regularly conducts business as a licensed real estate agent in Baltimore County and throughout the State of Maryland.

## JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds $75,000.00.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants are located in this judicial district and a substantial portion of the acts and omissions giving rise to the Plaintiff's cause of action occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

6.      In or around the fall of 2021, Plaintiff was solicited by Defendants, both licensed real estate agents, to purchase a property located in the resort town of Ocean City, Maryland.

7.      Defendants represented to Plaintiff that purchasing the property would be an ideal investment opportunity.

8.      Defendants represented to Plaintiff that she could easily generate rental revenue by leasing the property and Defendants offered to renovate the property and then to market the property for rent on behalf of Plaintiff if she agreed to purchase the property. Defendants made these statements to induce Plaintiff to pay them $200,000.00, which, upon information and belief, Defendants used to acquire the building that housed the unit Defendants were seeking to sell to Plaintiff.

9.      On or about November 18, 2021, Defendants entered into a Contract for Purchase and Sale of Property (the "Contract") through which Defendants, as Sellers, agreed to sell to

Plaintiff, as Buyer, the property known as "11 43rd Street #2, Ocean City, Maryland 21842 (the "Property").

10.　　The Contract provided for a purchase price to be paid by Plaintiff in the amount of Two Hundred Seventy Five Thousand Dollars ($275,000.00).

11.　　Plaintiff paid a deposit in the amount of $200,000.00 directly to Defendants, individually. The Contract provided for the balance of the Purchase Price to be paid at closing.

12.　　The Contract further provided for closing to occur on or before June 29, 2022 (the "Closing Date").

13.　　Defendants failed to complete the sale of the Property by the Closing Date, despite Plaintiff's request to do so and her readiness and willingness to do so.

14.　　Plaintiff has notified Defendants of their breach in accordance with the Contract and Defendant has requested that Defendants return the Deposit of $200,000.00. Defendants have failed to return the Deposit.

15.　　Defendants have retained Plaintiff's $200,000.00, and ownership of the Property, and Defendants have, upon information and belief, Defendants have rented the Property as a vacation property and collected substantial revenues from the rental of the Property prior to and after the Closing Date set forth in the Contract.

**COUNT I**
**Breach of Contract**

16.　　Plaintiff hereby incorporates by reference each of the allegations set forth in the paragraphs 1 through 15 into this Count I, as if each was fully set forth herein.

17.　　On or about November 21, 2021, Plaintiff and Defendants entered into an agreement to sell the Property to Plaintiff on or before June 29, 2022.

18.     Pursuant to the Contract, Plaintiff paid a deposit to Defendants in the amount of $200,000.000. The balance of the Purchase Price ($75,000.00) was, pursuant to express terms of the Contract, to be paid at Closing.

19.     Plaintiff was ready, willing and able to complete the transaction as required by the Contract on Closing Date of June 29, 2022. Plaintiff contacted Defendants and communicated her willingness to proceed with Closing on or before June 29, 2022 on numerous occasions.

20.     Defendants breached the Contract by failing to complete the sale of the Property as required by the Contract. This failure was due solely to Defendants' failure to comply with the Conditions of the Contract.

21.     Plaintiff has adhered to and abided by the terms of the Contract at all times.

22.     The Contract provides that if the Property is not conveyed to the Buyer, Plaintiff, due to the Sellers' (Defendants') failure to comply with the Contract, Plaintiff is entitled to a refund of the Deposit, in addition to any and all other remedies available at law or in equity.

23.     Plaintiff notified Defendants of their breach in accordance with terms of the Contract and demanded return of the Deposit or performance of the Contract by proceeding with the sale of the Property.

24.     Defendants have failed to return the Deposit despite Plaintiff's request, and Defendants have failed to complete the sale of the Property as required by the Contract, thereby breaching the Contract.

25.     Plaintiff has been damaged by Defendants' breach in an amount in excess of $200,000.00.

WHEREFORE, Plaintiff Melanie K. Hecker hereby seeks a judgment for damages against Defendants Paul Garner and Elaine Evans, in the amount of $200,000.00 plus pre- and post-judgment interest, costs and such other and further relief as may be appropriate.

## COUNT II
## Unjust Enrichment

26.     Plaintiff hereby incorporates by reference each of the allegations set forth in the paragraphs 1 through 23 into this Count II, as if each was fully set forth herein.

27.     Plaintiff provided Defendants a benefit in the form of $200,000.00.

28.     Defendants have knowledge and appreciation of this benefit as evidenced, among other things, by the express terms of the agreement entered into by Plaintiff and Defendant on or about November 21, 2021.

29.     Defendants have unjustly and knowingly retained Plaintiff's payment of $200,000.00 and, upon information and belief, Defendants have renovated the Property since entering into the Contract with Plaintiff.

30.     Upon information and belief, Defendants have leased out the Property as a vacation rental property and have collected and continue to collect substantial rental revenues through their rental of the Property, while retaining Plaintiff's $200,000.00 and refusing to complete the sale of the Property as Defendants agreed.

31.     Plaintiff has suffered damages in an amount in excess of $200,000.00 as a direct result of Defendants' inequitable acceptance and retention of Plaintiff's payment $200,000.00 while Defendants have unjustly and inequitably retained ownership of the Property and have continued to earn rental revenue from the Property.

WHEREFORE, Plaintiff Melanie K. Hecker hereby seeks a judgment for damages in an amount no less than $200,000.00, plus pre- and post-judgment interest, costs and such other and further relief as may be appropriate.

## COUNT III
### Fraud

32.     Plaintiff hereby incorporates by reference each of the allegations set forth in the paragraphs 1 through 31 into this Count III, as if each was fully set forth herein.

33.     Defendants falsely represented to Plaintiff that they would sell her the Property if she would pay Defendants $200,000.00 in December 2021 in advance of the sale.

34.     Defendants falsely represented to Plaintiff that the $200,000.00 that she paid to Defendants would be treated as a deposit and would be applied toward the purchase of the Property and that upon payment of an additional $275,000.00 to Defendants, Defendants would transfer Plaintiff the rights and title to the Property.

35.     Defendants knew that their representations concerning the use of the $200,000 as a deposit and their intentions to apply the funds toward the sale of the Property to Plaintiff were false and Defendants made these representations for the purpose of defrauding Plaintiff.

36.     Plaintiff justifiably relied upon Defendants' misrepresentation, which were again set forth in the Contract document Defendants presented to Plaintiff, in providing $200,000.00, believing the funds would be applied as a deposit toward the purchase of the Property.

37.     Plaintiff suffered damages in the amount of $200,000.00, plus other costs associated with loss of anticipated rental income, and emotional distress.

WHEREFORE, Plaintiff Melanie K. Hecker hereby seeks a judgment for compensatory damages in an amount no less than $200,000.00, punitive damages, plus pre- and post-judgment interest, costs and such other and further relief as may be appropriate.

Dated: August 24, 2022                    Respectfully submitted,


                                          _  /s/ Erinn M. Maguire_____
                                          Erinn M. Maguire (Fed Bar No. 29474)
                                          LAWRENCE LAW, LLC
                                          The Warehouse at Camden Yards
                                          323 W. Camden Street, Suite 700
                                          Baltimore, Maryland  21201
                                          (410) 837-6995
                                          (410) 837-6995 (facsimile)
                                          E-mail:        erinn@lawrencelawllc.com

                                          *Attorneys for Plaintiff Melanie K. Hecker*