IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MELANIE K. HECKER,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:22-cv-02152-JMC |
| **PAUL GARNER, et al,** | | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Melanie Hecker commenced this breach of contract action against Defendants Paul Garner and Elaine Evans on August 25, 2022 (ECF No. 1), and Plaintiff filed an Amended Complaint (ECF No. 12) on November 7, 2022. Plaintiff has been unsuccessful in her numerous attempts to effect service of process on Defendant Garner. Therefore, Plaintiff has filed the present Consent Motion for Alternative Service on Defendant Paul Garner (ECF No. 23).[1] For the reasons explained below, Plaintiff's Motion (ECF No. 23) is DENIED without prejudice at this juncture, but the Court shall grant Plaintiff an additional ninety (90) days to effect service on Defendant Garner.

Fed. R. Civ. P. (4)(e)(2) permits service on an individual by:

> (A) delivering a copy of the summons and of the complaint to the individual personally: (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there: or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[1] Defendant Evans has filed an Answer to the Amended Complaint (ECF No. 16) and consents to this Motion.

"Alternatively, an individual may be served by any means allowed by the state where the district court is located or the state where service is to be effected." *Binks v. Collier*, No. DKC 19-0298, 2019 WL 2994697, at *1 (D. Md. July 9, 2019) (citing Fed. R. Civ. P. 4(e)(1)). Under Maryland law, service can be effected

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.'

Md. Rule 2-121(a). However, if the party seeking to effect service presents the Court with an affidavit stating that it has, in good faith, attempted to comply with Maryland Rule 2-121(a) and that compliance with Maryland Rule 2-121(b)[2] is inapplicable or impracticable, then "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rules 2-121(c). "To pass constitutional muster, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Binks*, 2019 WL 2994697, at *1 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (other citation omitted).

Summons as to Defendant Garner was issued by the Clerk's Office on August 26, 2022. (ECF No. 3). On December 15, 2022, this Court issued an Order directing Plaintiff to show cause for her failure to effect service of process on Defendant Garner. (ECF No. 17). Supported by a declaration of her counsel, Plaintiff responded to the Court's Show Cause Order on December 28,

---

[2] Md. Rule 2-121(b) states, "When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant." Md. Rules 2-121(b).

2022 (ECF No. 18), and the Court issued a Paperless Order (ECF No. 20) on December 29, 2022, canceling its Show Cause Order (ECF No. 17).

The Court's denial of this Motion hinges on the specific addresses at which Plaintiff's hired process servers attempted to serve Defendant Garner. On or about September 7, 2022, Plaintiff engaged the services of Mr. Steve Silver of Quick Silver Process Service, Inc. to serve Defendant Garner. (ECF No. 18-1, Declaration of Plaintiff's Counsel, at p. 2).[3] Mr. Silver advised that he located three addresses possibly associated with Defendant Garner: (1) "2204 E. Pratt Street #4 Baltimore, Maryland," (2) "15 43rd Street [U]nit 1, Ocean City, Maryland[,]" and (3) "15 43rd Street Unit 3, Ocean City, Maryland." *Id.* Additionally, Mr. Silver obtained an employment address for Defendant Garner: "7939 Honeygo Blvd Suite 108, Nottingham, Maryland[.]" *Id.* Although Mr. Silver attempted to serve Defendant Garner at the Pratt Street address, there is no indication that Mr. Silver attempted to serve Defendant Garner at the Ocean City addresses.

On or about October 20, 2022, Plaintiff engaged Zicherheit LLC d/b/a Zicherheit Investigations and Security Operations ("Zicherheit") to serve Defendant Garner "at the Ocean City, Maryland addresses." *Id.* at p. 3. Plaintiff's counsel asserts that Zicherheit found three addresses associated with Mr. Garner, and the Court recognizes that these asserted addresses are identical to those found by Mr. Silver: (1) "15 43rd Street [U]nit 1, Ocean City, Maryland[,]" (2) "15 43rd Street Unit 3, Ocean City, Maryland," and (3) "7939 Honeygo Blvd Suite 108, Nottingham, Maryland." *Id.* Furthermore, Plaintiff asserts that Zicherheit attempted to serve Plaintiff at the Ocean City addresses on twelve separate occasions. However, the addresses given in the declaration of Plaintiff's counsel do not match those given in the declaration of Zicherheit's

---

[3] When the Court cites to a specific page number, the Court is referring to the page numbers provided in the electronic stamps provided at the top of every electronically filed document.

agent,[4] Charles Ziethen. Mr. Ziethen, like Plaintiff's counsel, confirmed that Zicherheit attempted to serve Defendant Garner at two Ocean City addresses on twelve separate occasions. However, Mr. Ziethen attested to attempting service at two slightly different Ocean City addresses than those asserted by Plaintiff's counsel. Specifically, Mr. Ziethen claimed that Zicherheit attempted to serve Defendant Garner at : (1) "15 43rd Street Unit 1, Ocean City, Maryland[,]" and (2) "11 43rd Street Unit 1, 2, and 3, Ocean City, Maryland[.]" (ECF No. 23-2 at p. 2).

Although Zicherheit located an Ocean City address not located by Mr. Silver—11 43rd Street—there is no indication that Zicherheit or any other process server attempted to serve Defendant Garner at 15 43rd Street Unit 3. Plaintiff has set forth for this Court the exceptional effort she has given in effecting service on Defendant Garner, but the Court cannot ignore the fact that Plaintiff has not provided any indication that service was attempted at a location which Plaintiff admits a professional process server linked to Defendant Garner: 15 43rd Street Unit 3, Ocean City, Maryland. Truly exhaustive effort should be made before the Court considers an alternative service such as service on a party's attorney in a separate state court case, which is an almost identical means of alternative service this Court has expressly denied before, albeit with less information than Plaintiff now provides. *Binks*, 2019 WL 2994697, at *2 ("[p]laintiff has not . . . demonstrated how service . . . through an attorney not authorized to accept service will result in actual notice."). Therefore, Plaintiff's request for alternative service at this juncture is premature.

Although not entitled to proceed with alternative service at this point in time, Plaintiff is entitled to some relief at this stage. Despite Rule 4(m)'s general requirement that service be

---

[4] The declaration states, "Lawrence Law, LLC engaged my company, Zicherheit LLC d/b/a Zicherheit Investigations and Security Operations . . . in Selbyville, Delaware, to attempt to serve Mr. Garner in the above-captioned case." (ECF No. 23-2 at p. 2)

4

completed within ninety (90) days from issuance of the summons, the time may be extended upon a showing of good cause. *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010). "Good cause generally amounts to the interference of some outside factor [that] prevented the otherwise-diligent plaintiff from complying with Rule 4(m)." *Walsh v. Owen Software Dev. Co., Ltd.*, No. 8:22-cv-00960-PX, 2022 WL 3544260, at *2 (D. Md. Aug. 18, 2022) (other citation and internal quotations omitted). "To demonstrate good cause, a plaintiff must show that he exercised diligence in trying to effect service[] but was thwarted by circumstances beyond his control." *Id.* (other citation and internal quotations omitted). "Even absent a showing of 'good cause,' the Court nonetheless retains discretion to extend time for service." *Id.* (citing *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (other citations omitted)). Plaintiff has shown her extensive efforts to serve Defendant Garner, and the Court finds good cause to extend Plaintiff's time to serve Defendant Garner.

Accordingly, it is this 31st day of January 2023, hereby ORDERED that:

1. Plaintiff's Consent Motion for Alternative Service on Defendant Paul Garner (ECF No. 23) is DENIED without prejudice to Plaintiff's ability to request such relief if the Court's concerns expressed here are addressed or Plaintiff's service extension expires;

2. Plaintiff is given an extension of ninety (90) days from the date of this Memorandum Opinion and Order to serve Defendant Garner; and

3. The Clerk shall transmit copies of this Memorandum Opinion and Order to the parties.

Date: <u>January 31, 2023</u>              /s/
                                    J. Mark Coulson
                                    United States Magistrate Judge