# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MELANIE K. HECKER,** | * |
| *Plaintiff,* | * |
| v. | *  Civil Case No: 1:22-cv-02152-JMC |
| **PAUL GARNER, et al,** | |
| | * |
| *Defendants.* | |

\* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Melanie Hecker commenced this breach of contract action against Defendants Paul Garner and Elaine Evans on August 25, 2022 (ECF No. 1), and Plaintiff filed an Amended Complaint (ECF No. 12) on November 7, 2022. Plaintiff has been unsuccessful in her numerous attempts to effect service of process on Defendant Garner.[1] On January 31, 2023, this Court issued a Memorandum Opinion and Order (ECF No. 26) denying Plaintiff's Consent Motion for Alternative Service on Defendant Paul Garner (ECF No. 23). The Court's denial hinged on Plaintiff's lack of proof regarding attempts to serve Defendant Garner at a location a professional process server associated with Defendant Garner.[2] (ECF No. 26 at pp. 3–4). Presently before the Court is Plaintiff's Renewed Consent Motion for Alternative Service on Defendant Paul Garner (ECF No. 27). Plaintiff's renewed Motion alleviates the Court's concerns regarding Plaintiff's good faith attempts to serve Defendant Garner, so the Court will grant Plaintiff's Motion and permit alternative service as ordered below.

---

[1] Defendant Evans has filed an Answer to the Amended Complaint (ECF No. 16) and consents to this renewed Motion (ECF No. 27 at p. 2, ¶ 9).

[2] The address with which the Court was concerned was 15 43rd Street Unit 3, Ocean City, Maryland. (ECF No. 26 at pp. 3–4).

## I.      Background

Summons as to Defendant Garner was issued by the Clerk's Office on August 26, 2022. (ECF No. 3).  On December 15, 2022, this Court issued an Order directing Plaintiff to show cause for her failure to effect service of process on Defendant Garner.  (ECF No. 17).  Supported by a declaration of her counsel, Plaintiff responded to the Court's Show Cause Order on December 28, 2022 (ECF No. 18), and the Court issued a Paperless Order (ECF No. 20) on December 29, 2022, canceling its Show Cause Order (ECF No. 17).  On January 26, 2023, Plaintiff requested leave to file a motion for alternative service (ECF No. 21), and the Court granted such leave on January 27, 2023, through a Marginal Order (ECF No. 22).  On January 27, 2023, Plaintiff filed her initial Consent Motion for Alternative Service on Defendant Paul Garner (ECF No. 23), and the Court issued a Memorandum Opinion and Order (ECF No. 26) denying that motion on January 31, 2023. In considering Plaintiff's renewed Motion, the Court will ascertain the facts from a variety of filings provided by Plaintiff.[3]

On or about August 1, 2022, Plaintiff's counsel sent a Notice of Breach and Demand for Return of Deposit or Performance of Contract (the "Demand Letter") to Defendants.  (ECF No. 18-1 at ¶ 3).  On or about August 22, 2022, Mr. Ralph Sapia, Esquire, contacted Plaintiff's counsel by telephone on behalf of Defendant Garner and in response to the Demand Letter.  *Id.* at ¶ 4.  On August 25, 2022, Plaintiff commenced this breach of contract action against Defendants.  (ECF No. 1).  On August 30, 2022, Plaintiff's counsel sent an email containing copies of all relevant

---

[3] Such filings include (1) Plaintiff's Response to Show Cause Order (ECF No. 18), (2) Plaintiff's request for leave to file a motion for alternative service (ECF No. 21), (3) Plaintiff's Consent Motion for Alternative Service on Defendant Paul Garner (ECF No. 23), and (4) Plaintiff's Renewed Consent Motion for Alternative Service on Defendant Paul Garner (ECF No. 27).

documents[4] on the docket to Mr. Sapia, and Plaintiff's counsel asked Mr. Sapia if he was authorized to accept service on behalf of Defendant Garner.  (ECF No. 18 at p. 2, ¶ 6).  That same day, Mr. Sapia responded and indicated that he would have to check with his "client," Defendant Garner, as to whether Mr. Sapia had authority to accept service.  *Id.* at p. 2, ¶ 7.  On September 6, 2022, having received no further response from Mr. Sapia, Plaintiff's counsel again emailed Mr. Sapia inquiring into his ability to accept service on behalf of Defendant Garner.  *Id.* at p. 2, ¶ 8. That same day, Mr. Sapia responded that he did not have authority to accept service on behalf of Defendant Garner.  *Id.* at p. 2, ¶ 9.

On October 20, 2022, while Plaintiff's first-hired private process server attempted to locate and serve Defendant Garner, Plaintiff's counsel again attempted to contact Mr. Sapia through email and requested that Defendant Garner waive service pursuant to Fed. R. Civ. P. 4.  (ECF No. 18 at p. 3, ¶ 12).  That same day, Mr. Sapia responded and advised that he was "not representing Mr. Garner in that case at this time."  *Id.*

In its January 31, 2023 Memorandum Opinion and Order, the Court summarized the commendable efforts of Plaintiff—beginning with Plaintiff's hiring of a private process server on September 7, 2022—in attempting to serve Defendant Garner.  To the extent it summarizes Plaintiff's service efforts predating January 31, 2023, the Court hereby incorporates pages two, three, and four of that Memorandum Opinion and Order (ECF No. 26).  As of January 31, 2023, Plaintiff had hired two private process servers, attempted service on multiple addresses on at least twelve separate occasions, and had even located Defendant Garner's parents who themselves are

---

[4] Plaintiff sent Mr. Sapia the Complaint, the summons for Defendant Garner, the civil Cover Sheet, the undersigned's Case Management Order, the Magistrate Judge Consent Form, Standing Order 20198-07, and the Magistrate Judge Pilot Program Procedures.  *Id.*

unaware of Defendant Garner's current address.  *Id.* at pp. 2–4; (ECF No. 21-1, Declaration of Charles Ziethen,[5] at p. 3, ¶ 9).

In her renewed Motion, Plaintiff addresses the Court's prior concerns pertaining to the lack of evidence regarding service efforts at 15 43rd Street Unit 3, Ocean City, Maryland.  Specifically, Plaintiff provides a Supplemental Declaration of an agent for Plaintiff's second-hired private process server indicating that attempts at service had been made at this  location prior to January 31, 2023, and that further attempts at service were made after and including January 31, 2023. (ECF No. 27-2, pp. 1–2, ¶¶ 4–8).

In addition to the extensive efforts undertaken in locating Defendant Garner, Plaintiff's counsel researched Maryland's Judiciary Case Search and discovered that Mr. Sapia is currently listed as counsel of record for Defendant Garner in other litigation matters against Defendant Evans pending in the Circuit Court for Worcester County, Maryland.  (ECF No. 18 at p. 3, ¶ 17). Conversations Plaintiff's counsel had with Defendant Evans' counsel confirmed that Mr. Sapia currently represents Defendant Garner in other active litigation against Defendant Evans.  *Id.*[6] After learning this information, Plaintiff's counsel emailed Mr. Sapia on November 29, 2022, to confirm and clarify whether he is representing Defendant Garner in the case *sub judice.  Id.* at p. 3, ¶ 18.  To date, there is no indication that Mr. Sapia has replied to Plaintiff's counsel's November

---

[5] The declaration states, "Lawrence Law, LLC engaged my company, Zicherheit LLC d/b/a Zicherheit Investigations and Security Operations . . . in Selbyville, Delaware, to attempt to serve Mr. Garner in the above-captioned case." (ECF No. 21-1 at p. 2, ¶ 2).

[6] Plaintiff provided the Court with a copy of the Maryland Judiciary Case Search's Case Information Sheet for *Paul Garner vs. Elaine Evans*, C-23-CV-22-000199.  (ECF No. 23-3).  As of the date of this Memorandum Opinion and Order, the Case Information Sheet on the Maryland Judiciary Case Search indicates that, in *Paul Garner vs. Elaine Evans*, C-23-CV-22-000199, Mr. Ralph Sapia is Defendant Garner's counsel of record.  The Information Sheet lists Mr. Sapia's address as The Law Office of Ralph L. Sapia, P.A., 744 Dulaney Valley Road Suite 5, Towson, MD 21204.  This address matches the address listed on Mr. Sapia's firm's website. The Law Office of Ralph L. Sapia, P.A., *Contact*, https://www.sapialaw.com/ (last visited February 15, 2023).

29, 2022 email.  (ECF No. 18 at p. 4, ¶ 18 ("As of the date of this filing [, December 28, 2022],

Mr. Sapia has not responded to my November 29, 2022 inquiry.")).

## II.     Analysis

Fed. R. Civ. P. (4)(e)(2) permits service on an individual by:

> (A) delivering a copy of the summons and of the complaint to the individual
> personally: (B) leaving a copy of each at the individual's dwelling or usual place of
> abode with someone of suitable age and discretion who resides there: or (C)
> delivering a copy of each to an agent authorized by appointment or by law to receive
> service of process.

"Alternatively, an individual may be served by any means allowed by the state where the district

court is located or the state where service is to be effected."  *Binks v. Collier*, No. DKC 19-0298,

2019 WL 2994697, at *1 (D. Md. July 9, 2019) (citing Fed. R. Civ. P. 4(e)(1)).  Under Maryland

law, service can be effected

> (1) by delivering to the person to be served a copy of the summons, complaint, and
> all other papers filed with it; (2) if the person to be served is an individual, by
> leaving a copy of the summons, complaint, and all other papers filed with it at the
> individual's dwelling house or usual place of abode with a resident of suitable age
> and discretion; or (3) by mailing to the person to be served a copy of the summons,
> complaint, and all other papers filed with it by certified mail requesting: 'Restricted
> Delivery--show to whom, date, address of delivery.'

However, if the party seeking to effect service presents the Court with an affidavit stating

that it has, in good faith, attempted to comply with Maryland Rule 2-121(a) and that

compliance with Maryland Rule 2-121(b)[7] is inapplicable or impracticable, then "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."  Md. Rules 2-121(c).  "To pass constitutional muster, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Binks*, 2019 WL 2994697, at *1 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (other citation omitted).

In its January 31, 2023 Memorandum Opinion and Order denying leave for alternative service, the Court expressed concerns with Plaintiff's proposal for effecting alternative service on Defendant Garner through Mr. Sapia.  (ECF No. 26 at p. 4).  Specifically, the Court stated,

> Truly exhaustive effort should be made before the Court considers an alternative service such as service on a party's attorney in a separate state court case, which is an almost identical means of alternative service this Court has expressly denied before, albeit with less information than Plaintiff now provides.  *Binks*, 2019 WL 2994697, at *2 ("[p]laintiff has not . . . demonstrated how service . . . through an attorney not authorized to accept service will result in actual notice.").

*Id.*  Despite this language, Plaintiff has provided the Court with no caselaw supporting her contention that service on a party's attorney in another case passes constitutional muster by being

---

[7] Md. Rule 2-121(b) states, "When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant."  Md. Rules 2-121(b).  In the case *sub judice*, this Maryland Rule is impracticable and inapplicable because Plaintiff has not gone so far as to allege evasion of service by Defendant Garner, nor is there a last-known address suitable for delivery of service documents.  (ECF No. 18 at p. 3, ¶ 10 ("Mr. Silver determined that the last known address for Mr. Garner, 952 Ellendale Drive Towson, Md 21286, was no longer a valid address for Mr. Garner."); (ECF No. 23-2 at p. 3, ¶ 7 (On January 11, 2023, a representative of Zicherheit traveled to [952 Ellendale Road in Towson, Maryland] and was advised by the occupant that Mr. Garner moved out of that address approximately six (6) months ago and that he did not know Mr. Garner's current address)).  The Court sees no logic in applying Maryland Rule 2-121(b) when the last known address of Defendant Garner is one with which he is clearly no longer associated.

"reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Binks*, 2019 WL 2994697, at *1 (other citation and internal quotations omitted). However, having considered all the circumstances in this case, the Court is convinced that service through Mr. Sapia is a proper means of service on Defendant Garner.

The Court reviewed the filings in *Binks*,[8] and it finds the circumstances of that case easily distinguishable from Plaintiff's case. In *Binks*, the plaintiffs filed a motion for alternative service far less detailed than the filings Plaintiff has provided. The plaintiffs in that case requested several alternative service methods, including providing a copy of the case to the defendants' attorney because "[b]oth defendants are currently being represented by Morgan Fisher in another case in the Federal Court, Baltimore." In *Binks*, the Court was unable to determine whether such a method of alternative service would pass constitutional muster because there was no connection presented by the plaintiffs in their motion between the *Binks* case and the other federal case in which the defendants were involved. *See Binks*, 2019 WL 2994697, at *2. Furthermore, there was no indication that the attorney representing the defendants in the other federal case had ever been involved in the *Binks* case. Here, however, Mr. Sapia replied to the Demand Letter on behalf of Defendant Garner prior to the commencement of this case. Shortly after Mr. Sapia responded to the Demand Letter on behalf of Defendant Garner, Plaintiff commenced this action and sent Mr. Sapia the relevant documents from the docket. Furthermore, when asked—after Plaintiff had filed her case—whether he had authority to accept service on behalf of Defendant Garner, Mr. Sapia responded that he would have to ask his "client." Mr. Sapia did not indicate until September 7,

---

[8] Specifically, the Court reviewed the plaintiffs' motion for alternate method of service (ECF No. 4) within the docket entries for *Binks v. Collier*, Civil Docket for Case #: 1:19-cv-00298-DKC. Any reference the Court makes to the *Binks*'s filings will be referencing this document.

2022, that he was without authority to accept service for Defendant Garner.  It was not until October 2022 that Mr. Sapia indicated to Plaintiff that he was not representing Defendant Garner in this case.  However, Mr. Sapia is currently representing Defendant Garner in other litigation matters against Defendant Garner's co-defendant in the case *sub judice*, Defendant Evans.  The Court has no doubt that Defendant Garner already has actual notice of the litigation currently pending before this Court based upon Mr. Sapia's inquiry into whether Mr. Sapia had authority to accept service.  However, even assuming that Defendant Garner is unaware of the current action pending against him, the Court concludes that serving Mr. Sapia with the relevant documents is reasonably calculated to provide Defendant Garner with notice of this case and gives him a reasonable opportunity to respond with his objections.

### III.   Conclusion

The Court is convinced that after months of diligent effort by Plaintiff, and in consideration of Mr. Sapia's involvement early in this case and in other cases involving Defendants Garner and Evans, service on Defendant Garner through Mr. Sapia passes constitutional muster.  Accordingly, it is this 15th day of February 2023 hereby ORDERED that:

(1) Plaintiff's Renewed Consent Motion for Alternative Service on Defendant Paul Garner is GRANTED;

(2) Plaintiff shall serve Defendant Garner by mailing—through certified mail requesting "Restricted Delivery – show to whom, date, address of delivery"— a copy of the Complaint, the Undersigned's Case Management Order, the Amended Complaint, summons, and all documents filed in the above-captioned action to Ralph Sapia, Esquire at the Law Office of Ralph L. Sapia, P.A., 744

Dulaney Valley Road, Suite 5, Towson, Maryland 21204, and emailing courtesy copies to Mr. Sapia;

(3) Upon effecting service on Defendant Garner through Mr. Sapia, Plaintiff shall promptly file proof of service on the docket;

(4) The extension of service granted in the Court's January 31, 2023 Memorandum Opinion and Order remains in effect; and

(5) Defendant Garner shall have twenty-one (21) days after Plaintiff files her proof of service to respond to the operative Complaint (ECF No. 12).

Date: <u>February 15, 2023</u>                          <u>            /s/            </u>
                                                                      J. Mark Coulson
                                                                      United States Magistrate Judge