IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MELANIE K HECKER,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:22-cv-02152-JMC |
| **PAUL GARNER et al,** | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Defendant Paul Garner is currently represented by Mr. Ralph L. Sapia. Presently before the Court is Mr. Sapia's June 6, 2023 Motion to Withdraw as Counsel for Paul Garner (ECF No. 56). The Motion requests that the Court give leave for Mr. Sapia to withdraw as counsel of record for Defendant Garner. *Id.* at p. 1. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Sapia's Motion is hereby DENIED without prejudice as to Mr. Sapia's ability to renew his Motion to address the Court's concerns presented below.

When counsel wishes to withdraw its appearance in the case of an individual, such as Defendant Garner, counsel must adhere to Loc. R. 101.2(a).[1] In his Motion, Mr. Sapia asserts that on May 22, 2023, he provided Defendant Garner with notice of Mr. Sapia's intent to withdraw as counsel in the case *sub judice*. (ECF No. 56 at p. 1). Mr. Sapia's Loc. R. 101.2(a) Certificate of Notice (ECF No. 56-1) does not provide the last known address of Defendant Garner. Mr. Sapia's

---

[1] In the case of an individual, appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel. If the withdrawal of counsel's appearance is permitted, the Clerk shall notify the party that the party will be deemed to be proceeding without counsel unless and until new counsel enters an appearance on behalf of the party. Loc. R. 101.2(a) (D. Md. 2021).

Certificate of Service (ECF No. 56-2) accompanying his Motion indicates that Mr. Sapia served the Motion on Defendant Garner through USPS first class mail to 952 Ellendale Drive, Towson, MD 21286.  However, the Court previously observed this address as one that is no longer valid for Defendant Garner.  *See* (Dkt. *Hecker v. Garner et al*, 1:22-cv-02152-JMC at ECF No. 28 at p. 6, n. 7) (the Court permitted alternative service on Defendant Garner *via* service through Mr. Sapia)). Mr. Sapia needs to comply with Loc. R. 101.2(a) and provide the last known address of Defendant Garner in a Certificate of Notice.  As Mr. Sapia has filed Defendant Garner's Answer (ECF No. 35) in this case, the Court would expect Mr. Sapia to have a valid address for his client.

The Court also notes two other concerns with Mr. Sapia's Motion.  First, Mr. Sapia asserts that Defendant Garner "has more than three months to retain new counsel or choose to proceed *pro se*."  (ECF No. 56 at p. 1).  The basis for this assertion is unclear, but it may relate to the September 8, 2023 discovery deadline.  If so, this ignores some key interim deadlines. Specifically, the Court issued a Paperless Order (ECF No. 55) on June 6, 2023, indicating that Defendant Garner's opposition, if any, to Plaintiff's pending Motion for Partial Summary Judgment was due on May 30, 2023.  The Court extended Defendant Garner's time to file an opposition to June 13, 2023.  (ECF No. 55).

Finally, the Certificate of Notice attached to Mr. Sapia's Motion is confusing. The Certificate refers to Defendant Garner as both "Mr." and "her."  (ECF No. 56-1 at p. 1).  Similarly, the Certificate indicates that "[i]f Mr. Garner did not retain new counsel, she must notify the Clerk of the Circuit Court for Worcester County, in writing, or her intention to proceed in proper person." *Id.*  If these are, as the Court suspects, errors, then Mr. Sapia should file a new Certificate. Otherwise, further explanation is required.

Accordingly, it is this <u>8th</u> day of <u>June 2023</u>, by the United States District Court for the District of Maryland, hereby ORDERED that the Motion to Withdraw as Counsel for Paul Garner (ECF No. 56) is DENIED without prejudice as to Mr. Sapia's ability to renew his Motion addressing the Court's other concerns outlined above.

Date: <u>June 8, 2023</u>                                                    <u>          /s/          </u>
                                                                                            J. Mark Coulson
                                                                                            United States Magistrate Judge