IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MELANIE K. HECKER,** | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Civil Case No: 1:22-cv-02152-JMC |
| **GARNER et al,** | | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Melanie Hecker filed this breach of contract action on August 25, 2022, against Defendants Paul Garner and Elaine Evans. (ECF No. 1). On November 7, 2022, Plaintiff filed an Amended Complaint (ECF No. 12).[1] Plaintiff's Amended Complaint contains three (3) counts: (1) Breach of Contract (Count I), (2) Unjust Enrichment (Count II – pleaded in the alternative to Count I), and (3) Fraud (Count III). *Id.* at pp. 4–8.[2] Presently before the Court is Plaintiff's Motion for Partial Summary Judgment (ECF No. 46), in which Plaintiff "moves for entry of partial summary judgment on Count One of Plaintiff's First Amended Complaint . . . ." (ECF No. 46 at p. 1). Despite a warning from the Court that a failure by Defendants to file oppositions to Plaintiff's Motion would result in the Court "consider[ing] Plaintiff's Motion as unopposed[,]" neither Defendant Garner nor Defendant Evans have filed an opposition. (ECF No. 55). Accordingly, the Court will consider Plaintiff's Motion as unopposed. The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Plaintiff's Motion is GRANTED

---

[1] On October 25, 2022, Defendant Evans filed a Motion to Dismiss (ECF No. 10). However, Plaintiff's Amended Complaint rendered Defendant Evans' motion moot. (ECF No. 13).

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of every electronically filed document.

to the extent that Plaintiff requests damages in the form of her $200,000.00 down payment and postjudgment interest. However, Plaintiff's request for prejudgment interest will be DENIED at this juncture.

I.   BACKGROUND

  a. **Procedural History**

A brief overview of the history of the case *sub judice*, as well as the status of the parties herein, is warranted. As indicated above, Plaintiff filed her Original Complaint (ECF No. 1) on August 25, 2022. Following Plaintiff's filing of the Amended Complaint (ECF No. 12) on November 7, 2022, Defendant Evans filed an Answer to the Amended Complaint (ECF No. 16) on December 14, 2022. However, at that point Plaintiff had been unsuccessful in her attempts to serve Defendant Garner with process. *See* (ECF Nos. 17–20). On January 27, 2023, Plaintiff first motioned this Court to permit alternative service on Defendant Garner. (ECF No. 23). On January 31, 2023, this Court denied Plaintiff's first motion for alternative service because Plaintiff had failed to demonstrate a sufficiently exhaustive effort in serving process prior to filing her motion. *See* (ECF No. 26 at p. 4) ("Truly exhaustive effort should be made before the court considers an alternative service such as service on a party's attorney in a separate state court case, which is an almost identical means of alternative service this Court has expressly denied before, albeit with less information than Plaintiff now provides."). Resolute in her desire to perform alternative service on Defendant Garner, Plaintiff renewed her motion for leave to perform alternative service on February 9, 2023. (ECF No. 27). Finding that Plaintiff had adequately clarified her attempts at serving Defendant Garner with process, the Court granted Plaintiff's renewed motion on February 15, 2023. *See generally* (ECF No. 28). Specifically, the Court permitted Plaintiff to serve process on Defendant Garner *via* the alternative means of serving Defendant Garner's

attorney in a Maryland state court case: Mr. Ralph Sapia, Esquire at the Law Office of Ralph L. Sapia. *Id.* at pp. 8–9. On February 17, 2023, Plaintiff served Defendant Garner through the permitted alternative means. (ECF No. 31). On March 28, 2023, Defendant Garner—through Mr. Sapia—filed an Answer to the Amended Complaint (ECF No. 35).

On March 1, 2023, Mr. William H. Fisher, III filed a motion to withdraw as counsel for Defendant Evans. (ECF No. 32). On March 27, 2023, the Court granted Mr. Fisher's motion to withdraw. (ECF No. 33). Furthermore, pursuant to Loc. R. 101.2 (D. Md. 2021),[3] the Court provided Defendant Evans with notice regarding her status as *pro se* unless and until new counsel enters an appearance on her behalf. (ECF No. 34). To date, Defendant Evans has not retained new counsel, and Defendant Evans remains *pro se*.[4]

Regarding Plaintiff's Motion, Defendant Garner's opposition deadline was May 30, 2023, and Defendant Evans' opposition deadline was June 13, 2023. (ECF No. 55). Defendant Garner failed to timely file an opposition, but the Court extended his opposition deadline *sua sponte* to align with Defendant Evans' opposition deadline.[5] *Id.* To date, neither Defendant has filed an opposition to Plaintiff's Motion, and the Court shall treat the Motion as unopposed. *Id.*

---

[3] The court officially adopted a revised version of its Local Rules on July 1, 2023.

[4] On May 8, 2023, mail was returned as undeliverable as to Defendant Evans. (ECF No. 43). Since then, mail has been returned as undeliverable as to Defendant Evans on three additional occasions. (ECF Nos. 54, 60, & 61). Therefore, it is apparent that Defendant Evans has failed to comply with Loc. R. 102.1.b.iii (D. Md. 2023) ("Self-represented litigants must file with the Clerk in every case which they have pending a statement of their current address where case-related papers may be served. This obligation is continuing . . . .").

[5] Following that extension, Mr. Sapia motioned this Court for permission to withdraw as Defendant Garner's counsel. (ECF No. 56). However, the Court denied Mr. Sapia's motion to withdraw *via* a Memorandum Opinion and Order (ECF No. 59). However, the denial of Mr. Sapia's motion was without prejudice as to Mr. Sapia's ability to renew his motion and address the Court's concerns. *Id.* at p. 3. Mr. Sapia has not renewed his motion and remains counsel of record for Defendant Garner.

### b. Undisputed Facts[6]

At the inception of the events giving rise to the case *sub judice*, Plaintiff and Defendant Evans were good friends. (ECF No. 46-2 at p. 2, ¶ 2). Defendant Garner was Defendant Evans' boyfriend. *Id.* In fall 2021, Defendants—both of whom were licensed real estate agents—solicited Plaintiff to make an investment through the purchase of "11 43rd Street #2, Ocean City, Maryland 21842 . . ." ("the property"). *Id.* at p. 2, ¶ 1. Defendants represented to Plaintiff that Defendants could "easily generate rental revenue for [Plaintiff] by leasing the condominium unit." *Id.* at p. 2, ¶ 3. In exchange for Plaintiff purchasing the property, Defendants agreed to market and rent the property out on behalf of Plaintiff. *Id.* Plaintiff relied on Defendants' experience and assurances that the investment was sound. *Id.*

On November 10, 2021, Defendant Evans provided Plaintiff with a projected "Profit and Loss" statement "based on what similar units pulled this past year." *Id.* at p. 3, ¶ 4. As a down payment for Plaintiff's purchase of the property, Defendants requested the sum of $200,000.00. *Id.* at p. 3, ¶ 5. A November 17, 2021 email from Defendant Evans to Plaintiff confirmed that Plaintiff's $200,000.00 payment would serve as a down payment for the property. *Id.* at p. 3, ¶ 6. On November 18, 2021, Plaintiff made the down payment for the benefit of Defendants *via* wire transfer. *Id.* at p. 3, ¶ 7. Plaintiff's understanding of the transaction was that Defendants were using Plaintiff's down payment "to purchase the entire condominium building housing units 1, 2, and 3 (known as Sea Bright Condominium, 11 43rd Street, Ocean City, Maryland), in order to renovate it for [Plaintiff], and that they would then sell Unit 2 to [Plaintiff]." *Id.* at p. 3, ¶ 8. The

---

[6] The Court's Section I.b provides a summary of facts that "are uncontroverted or set forth in the light most favorable to . . ." Defendants as the nonmoving parties. *McDonald v. Metropolitan Life Ins. Co.*, No. JFM 08-02063, 2009 WL 3418527, at *1, n. 1 (D. Md. Oct. 20, 2009) (other citation omitted).

same day as Plaintiff transferred the down payment to Defendants, Defendant Garner emailed Plaintiff the following: "Hey Mel, please review and let us know if you're ready for us to send via docusign for signature. Thanks again for all your help in making this happen." *Id.* at p. 3, ¶ 9. In addition to all the other conduct occurring on November 18, 2021, the owners[7] of the building housing the property transferred ownership to Defendants. *Id.* at p. 3, ¶ 10. This transfer is evidenced by a Deed signed and recorded in the Land Records of Worcester County. *Id.*

Further occurring on November 18, 2021, Defendants presented Plaintiff with a Contract for Purchase and Sale of Property ("the contract"). *Id.* at p. 4, ¶ 11. The contract refers to Defendants as the "Seller," and it refers to Plaintiff as the "Purchaser."[8] *Id.* at p. 21. The contract articulates the parties' agreement that Defendants would sell the property to Plaintiff for the total purchase price of $275,000.00. *Id.* at p. 21, ¶¶ 1 & 2. The contract further acknowledges that Plaintiff provided Defendants with a $200,000.00 down payment for the property.[9] *Id.* at p. 21, ¶ 2. Accordingly, Plaintiff's remaining obligation on the contract was to pay a balance of $75,000.00 at the closing date. *See id.* The contract provided that the closing date would be June 29, 2022 ("the closing date"). *Id.* at p. 21, ¶ 3. The contract also provided for the return of Plaintiff's down payment, i.e., the "deposit" if Defendants failed to convey the property:

> 7. <u>Failure to Complete Closing.</u> If Seller breaches this agreement, and the Property is not conveyed to Purchaser due solely to Seller's failure to comply with the conditions of this contract, Purchaser shall be entitled to a refund of the Deposit, in addition to any and all other remedies available at law or in equity.

---

[7] The previous owners of the building containing the property were David M. Waldhauser and Cynthia L. Waldhauser. *Id.* at p. 3, ¶ 10.

[8] When reciting the terms of the contract, the Court will forego the use of "Seller" or "Purchaser." Instead, the Court will continue to refer to the parties as Plaintiff, Defendant Evans, and Defendant Garner.

[9] This specific provision was initialed by all the parties. *Id.* at p. 21, ¶ 2. This provision was added after Plaintiff and Defendant Garner shared email correspondence on November 30, 2021, regarding how the contract would treat Plaintiff's down payment. *Id.* at p. 4, ¶ 14.

*Id.* at p. 22, ¶ 7. Defendants signed the contract on December 3, 2021, and Plaintiff signed the contract on December 8, 2021. *Id.* at p. 26.

In the months between the signing of the contract and the closing date, Plaintiff expressed her willingness and ability to satisfy her responsibilities pursuant to the contract. *Id.* at p. 5, ¶ 17. Despite Plaintiff's willingness to complete the sale of the property by the closing date, Defendants never fulfilled their contractual obligations. *Id.* at p. 5, ¶ 18. After making repeated requests to Defendants for Defendants to complete the sale of the property in accordance with the contract, Plaintiff enlisted the services of an attorney. *Id.* at p. 5, ¶ 19. On August 1, 2022, Plaintiff's counsel sent Defendants a Notice of Breach – Demand for Return of Deposit or Performance of Contract (ECF No. 46-2 at p. 28).[10] *Id.* at p. 5, ¶ 19. As of the filing of this Memorandum Opinion, Defendants have not returned Plaintiff's down payment, nor have Defendants completed their obligations under the contract. *See id.* at p. 5, ¶ 20.

## II. LEGAL STANDARD

### a. Summary Judgment

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party can make such a showing by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp.

---

[10] Plaintiff's counsel at this time was Erinn M. Maguire. *See id.* at p. 29. However, Ms. Maguire filed a Motion to Strike Appearance (ECF No. 52) on May 19, 2023, and the Court granted that motion on the day Ms. Maguire filed it. (ECF No. 53). Plaintiff is now represented by attorneys Derek P. Roussillon and Paul Rose. *Id.* at p. 1.

3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Therefore, if there are factual issues "that properly can be resolved only by a finder of fact because [those issues] may reasonably be resolved in favor of either party[,]" then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.

"When ruling on a motion for summary judgment, the [C]ourt must construe the facts alleged in the light most favorable to the party opposing the motion." *U.S. ex rel. James Commc'n, Inc. v. LACO Elec.*, Inc., No. DKC 14-0946, 2015 WL 1460131, at *2 (D. Md. Mar. 27, 2015) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008)). A party bearing the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex Corp.*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.*

"Where, as here, the nonmoving party fails to respond, the [C]ourt may not automatically grant the requested relief." *LACO Elec. Inc.*, 2015 WL 1460131, at *2 (citing Fed. R. Civ. P. 56(e)(2)). Rather, the Court must "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993); *Wei v. Xu*, No. ELH-21-601, 2022 WL 1422926, at *7 (D. Md. May 4, 2022) (the Court "must thoroughly analyze[] even an unopposed motion for summary judgment.") (other citations and internal quotation marks omitted); *Atlas Container Corp. v. H. & W. Corrugated Parts, Inc.*, No. WDQ-12-0475, 2012 WL 3240434, at *2 (D. Md. Aug. 2, 2012) ("Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a judgment as a matter of law.") (other citation and internal quotation marks omitted).

### b. Choice of Law

"Federal courts sitting in diversity apply the conflict of law rules prevailing in the states in which they sit." *Havtech, LLC v. AAON Inc.*, No. SAG-22-00453, 2022 WL 1213476, at *4 (D. Md. Apr. 25, 2022) (citing *Klaxon Co. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Regarding contract cases, "[w]ith limited exceptions, Maryland courts have 'long recognized the ability of contracting parties to specify in their contract that the laws of a particular State will apply in any dispute over the validity, construction, or enforceability of the contract, and thereby trump the conflict of law rules . . . .'" *Havtech*, 2022 WL 1213476, at *4 (quoting *Jackson v. Pasadena Receivables, Inc.*, 398 Md. 611, 617 (2007)). "Maryland honors choice of law clauses in contracts, generally, and that rule extends to damages issues arising from a contractual breach." *Auffarth v. Nationwide Mut. Ins. Co.*, No. WDQ-08-1399, 2011 WL 3897939, at *5 (D. Md. Aug. 30, 2011) (other citations and internal quotation marks omitted).

The contract provides a choice-of-law provision:

> It is the intention of the parties hereto that all questions with respect to the construction of this Agreement and the rights and liabilities of the parties hereunder shall be determined in accordance with the laws of Maryland.

(ECF No. 46-2 at p. 25, ¶ 13(d)). Accordingly, the Court will apply Maryland law to the case *sub judice*. *See Thirty-Four Marketplace, LLC. v. Euphoria Food Grp. LLC*, No. WDQ-14-3003, 2016 WL 153034, at *2, n. 11 (D. Md. Jan. 12, 2016) (diversity jurisdiction breach of contract case in which the Court concluded that "Maryland law applies, because Maryland is the forum state, and the Settlement Agreement contained a choice-of-law provision stating that Maryland law would apply.") (other citations omitted).

### III. ANALYSIS

Plaintiff is entitled to summary judgment as to her claim for breach of contract (Count I) against Defendants. Specifically, Plaintiff claims that "Defendants have failed to return the Deposit despite Plaintiff's request, and Defendants have failed to complete the sale of the Property as required by the Contract thereby breaching the Contract." (ECF No. 12 at p. 5, ¶ 31). "To establish a claim for breach of contract, a plaintiff first needs to establish the existence of a contractual obligation." *Wadhah Raad Almilaji v. JS Int'l, Inc.*, No. GJH-18-2435, 2021 WL 2226173, at *4 (D. Md. June 1, 2021) (citing *Kumar v. Dhanda*, 17 A.3d 744, 749 (Md. Ct. Spec. App. 2011), *aff'd sub nom. Shailendra Kumar, P.A. v. Dhanda*, 43 A.3d 1029 (Md. 2012)).[11] "To establish that a binding contract was made, a plaintiff must adduce evidence of an offer and an acceptance, and of a meeting of the minds as to the essential terms of the contract." *JS Int'l, Inc.*, 2021 WL 2226173, at *4 (quoting *ABT Assocs., Inc. v. JHPIEGO Corp.*, 9 F. App'x 172, 176 (4th Cir.)) (other citation omitted). "Second, a plaintiff needs to show a breach of the contractual obligation." *JS Int'l, Inc.*, 2021 WL 2226173 at *4 (other citation omitted). "Third, and finally, a plaintiff must prove that he sustained damages as a result of the breach." *Id.* (other citation omitted).

Reviewing the evidence in the light most favorable to Defendants, the Court has no hesitation in determining that a contract existed and that Defendants breached that contract. The parties agreed that Defendants would convey the property to Plaintiff in accordance with the terms

---

[11] On December 14, 2022, "the former Court of Appeals of Maryland [was] renamed the Supreme Court of Maryland and the Court of Special Appeals [was] renamed the Appellate Court of Maryland." MARYLAND COURTS, *Appellate Courts*, https://www.mdcourts.gov/opinions/opinions (last visited Mar. 9, 2023). "This is a change in name only and does not affect the precedential value of the opinions of the two courts issued before the effective date of the name change." *Id.*

of the contract. Defendants inexplicably failed to satisfy their obligations by the closing date, and Defendants have refused to return Plaintiff's $200,000.00 down payment.

As relief, Plaintiff has requested only the return of her $200,000.00 down payment along with prejudgment and postjudgment interest. Plaintiff is not pursuing any other remedy at law or equity to which Plaintiff might otherwise be entitled, and the Court expresses no opinion as to the availability of any other remedy. There is support in the language of the contract for the return of Plaintiff's down payment, and the Court will order the same. (ECF No. 46-2 at p. 22, ¶ 7). However, although Plaintiff is entitled to postjudgment interest pursuant to 28 U.S.C. § 1961,[12] the Court cannot conclude that Plaintiff is entitled to prejudgment interest at this juncture.

"Prejudgment interest *must* be granted where the obligation to pay and the amount due were certain, definite, and liquidated by a specific date prior to judgment." *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 311 (4th Cir. 2020) (other citations and internal quotation marks omitted) (emphasis in original). "Interest accrues from when payment was due."[13] *Id.* (other citations and internal quotation marks omitted). However, in the absence of a specific date on which payment was due, [plaintiffs] are not entitled to prejudgment interest . . . as a matter of right." *Bazan v. Preferred Gen. Contracting, Inc.*, No. 532, Sept. Term, 2020, 2022 WL 17750247, at *3 (Md. Ct. Spec. App. Dec. 19, 2022). Plaintiff has admitted that after Defendants failed to perform their obligations on the closing date, Plaintiff made repeated requests to Defendants to complete the sale of the property. Furthermore, in Plaintiff's August 1, 2022 letter to Defendants,

---

[12] "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961.

[13] In Maryland, "[t]he Legal Rate of Interest shall be Six per cent. per annum; unless otherwise provided by the General Assembly." MD. CONST. art. III, § 57; *see also Lighting Retrofit Int'l, LLC v. Constellation NewEnergy, Inc.*, No. 19-cv-02751-SAG, 2023 WL 2306962, at *13 (D. Md. Mar. 1, 2023) ("When prejudgment interest is mandatory, such interest accrues at the Maryland legal rate of six percent per annum from the date where the obligation to pay and the amount due were both certain.") (other citations and internal quotation marks omitted).

Plaintiff demanded *either* a return of the down payment or performance of the contract. As such, the facts before the Court do not provide for a definite date on which the obligation to return the down payment became certain. Accordingly, "[g]iven the presumption against mandatory prejudgment interest, this Court concludes that this case falls within the vast majority of contract cases under Maryland law for which prejudgment interest is left to the factfinder's discretion."[14] *Lighting Retrofit Int'l, LLC*, 2023 WL 2306962 at *13 (other citation and internal quotation marks omitted).

## IV.  CONCLUSION

For the reasons provided in this Memorandum Opinion, Plaintiff's Motion is GRANTED to the extent that Plaintiff requests damages in the form of her $200,000.00 down payment and postjudgment interest. However, Plaintiff's request for prejudgment interest will be DENIED at this juncture. A separate order follows.

Date: July 28, 2023

/s/
J. Mark Coulson
United States Magistrate Judge

---

[14] The default rule regarding prejudgment interest for contract cases is that the decision of "whether to order prejudgment interests is within the discretion of the trier of fact." *Parkway 1046, LLC*, 961 F.3d at 311 (other citation and internal quotation marks omitted).